UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RADU PASOVSCHI, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO.: 1:13-cv-11396 |
| HEWLETT-PACKARD COMPANY, | | |
| Defendant. | | |

## ANSWER

Defendant Hewlett-Packard Company ("Defendant") hereby responds to the Complaint of Plaintiff Radu Pasovschi ("Plaintiff") as follows:

### Introduction

Defendant admits that Plaintiff purports to bring a complaint against Defendant. Defendant denies that Plaintiff's legal claim has merit. Defendant denies that Plaintiff is entitled to any form of relief. Defendant denies the remaining allegations contained in the unnumbered introductory paragraph of the Complaint.

### The Parties and Jurisdiction

1. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant states that Paragraph 3 of the Complaint appears to set forth a legal conclusion, which requires no answer from Defendant. Defendant denies that it caused Plaintiff "tortious injury" as alleged in Paragraph 3.

**General Allegations Applicable to All Counts**

4. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in in Paragraph 4, and, therefore, these allegations can be neither admitted nor denied. Defendant denies the allegations set forth in the bolded, un-numbered and indented sentence following Paragraph 4.

5. Defendant admits the allegations set forth in Paragraph 5, with the exception that Defendant denies that the negotiations between Mr. Pasovschi and Defendant "culminated in HP directly offering the VP position to Mr. Pasovschi and inducing Mr. Pasovschi to forego other lucrative employment and incur significant financial obligations."

6. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in in Paragraph 6, and, therefore, these allegations can be neither admitted nor denied.

7. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in in Paragraph 7, and, therefore, these allegations can be neither admitted nor denied.

8. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in in Paragraph 8, and, therefore, these allegations can be neither admitted nor denied.

9. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 9, and, therefore, these allegations can be neither admitted nor denied.

10. Defendant is without sufficient information to form a belief as to the truth of the allegation in Paragraph 10 that Ms. Halvorson and Plaintiff spoke on August 19, 2011, and, therefore, this allegation can be neither admitted nor denied. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 11, and, therefore, these allegations can be neither admitted nor denied.

12. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 12, and, therefore, these allegations can be neither admitted nor denied.

13. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in in Paragraph 13, and, therefore, these allegations can be neither admitted nor denied.

14. Defendant is without sufficient information to form a belief as to the truth of the allegation in Paragraph 14 that Plaintiff and Mr. Visentin met on September 13, 2011, and, therefore, this allegation can be neither admitted nor denied. Defendant admits that Plaintiff and Mr. Visentin met on one occasion. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in in Paragraph 15, and, therefore, these allegations can be neither admitted nor denied.

16. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in in Paragraph 16, and, therefore, these allegations can be neither admitted nor denied.

17. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in in Paragraph 17, and, therefore, these allegations can be neither admitted nor denied.

18. Defendant is without sufficient information to form a belief as to the truth of the allegation in Paragraph 18 that Plaintiff and Mr. Hayes spoke on September 27, 2010.  Defendant is also without sufficient information to form a belief as to the truth of the allegations in Paragraph 18 that Mr. Pasovschi was scheduled to board an 11:30 flight to New York to meet with PriceWaterhouse for a final interview and that Plaintiff canceled said alleged interview. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in in Paragraph 19, and, therefore, these allegations can be neither admitted nor denied.

20. Defendant is without sufficient information to form a belief as to the truth of the allegations set forth in in Paragraph 20, and, therefore, these allegations can be neither admitted nor denied.

21. Defendant is without sufficient information to form a belief as to the truth of the allegation in Paragraph 21 that Mr. Hayes and Plaintiff spoke on October 7, 2011, and, therefore, this allegation can be neither admitted nor denied.    Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint, as well as the allegations set forth in the bolded, un-numbered and indented sentence following Paragraph 22.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

Count 1
Breach of Contract

25.     Defendant restates and incorporates by reference its responses to paragraphs 1-24 as though fully restated herein.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

Count 2
Promissory Estoppel/Detrimental Reliance

27.     Defendant restates and incorporates by reference its responses to paragraphs 1-26 as though fully restated herein.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

Count 3
Deceit and Misrepresentation

29.     Defendant restates and incorporates by reference its responses to paragraphs 1-28 as though fully restated herein.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendant hereby presents the following affirmative and additional defenses to Plaintiff's Complaint.

**FIRST DEFENSE**

The Complaint, in whole or in part, fails to state a claim on which relief can be granted.

**SECOND DEFENSE**

To the extent Plaintiff's claims are based on alleged actions that occurred outside the applicable statutes of limitation, such claims are barred.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by his failure to exercise reasonable diligence to avoid harm.

**FOURTH DEFENSE**

To the extent that Plaintiff mitigated, minimized or avoided any damages allegedly sustained, any economic damages against Defendant must be reduced by that amount. In addition, to the extent that Plaintiff failed to make reasonable efforts to mitigate, minimize or avoid any damages allegedly sustained, any economic damages against Defendant must be barred.

**FIFTH DEFENSE**

Any and all actions taken by Defendant with respect to Plaintiff's employment were taken for legitimate, nondiscriminatory reasons.

**SIXTH DEFENSE**

Defendant reserves the right subsequently to assert other defenses of which it may become aware during the course of this proceeding.

|  |  |
|---|---|
| | Respectfully submitted, |
| | Attorneys for Defendant<br>**HEWLETT-PACKARD COMPANY** |
| | /s/ Kevin M. Duddlesten |
| | Kevin M. Duddlesten (BBO #680624)<br>F. Arthur Jones II (BBO #680612)<br>LITTLER MENDELSON, P.C.<br>One International Place, Suite 2700<br>Boston, MA  02110<br>(617) 378-6000<br>kduddlesten@littler.com |
| June 17, 2013 | ajones@littler.com |

**CERTIFICATE OF SERVICE**

I, Kevin M. Duddlesten, hereby certify that on this 17th day of June 2013, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ Kevin M. Duddlesten
Kevin M. Duddlesten